Frank W. Volk, Chief Judge
United States Bankruptcy Court
Southern District of West Virginia

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## AT CHARLESTON

| | |
|---|---|
| IN RE:<br><br>MOUNTAIN COUNTRY PARTNERS, LLC,<br><br>        Debtor. | CASE NO. 2:12-bk-20094<br><br>CHAPTER 11<br><br><br>JUDGE FRANK W. VOLK |
| ROBERT L. JOHNS,<br>LIQUIDATING TRUSTEE<br>OF MOUNTAIN COUNTRY<br>PARTNERS, LLC,<br><br>        Plaintiff,<br>v.<br><br>SPRAGUE & SPRAGUE,<br><br>        Defendant. | ADVERSARY PROCEEDING NO.<br>2:14-ap-2080 |

## **MEMORANDUM OPINION AND ORDER**
## **DENYING DEFENDANT'S MOTION TO RECONSIDER**

Pending is Defendant Sprague & Sprague's ("Sprague") Motion for Reconsideration of This Court's Memorandum Opinion and Order Denying Sprague & Sprague's Motion for Summary Judgment [Dckt. 140] (the "Motion to Reconsider"), filed April 13, 2017.

Sprague seeks reconsideration of the March 30, 2017, Order (Dckt. 137) (the "Order") denying its Motion for Summary Judgment. In assessing the cross-motions for summary judgment pending at the time, the Court "consider[ed] each motion separately on its own merits to determine whether either of the parties deserve[d] judgment as a matter of law." *Defenders of*

*Wildlife v N.C. DOT*, 762 F.3d 374, 392 (4th Cir. 2014) (citation omitted) (internal quotations omitted). Further, the Court "resolve[d] all factual disputes and any competing, rational inferences in the light most favorable to the party opposing th[e particular motion under consideration] . . . ." *Id.* (internal quotations omitted).

In support of its Motion to Reconsider, Sprague asserts that Robert L. Johns, the Liquidating Trustee (the "Trustee"), admitted or conceded facts that benefit Sprague's position. The putative facts relied upon by Sprague are either taken out of context or misstated. For example, Sprague asserts that the "[Trustee]'s admission that MCP 'was responsible for the full amount of legal fees. . .' it paid to Sprague & Sprague is dispositive on the issue of whether MCP received reasonably equivalent value for the legal fees it paid to Sprague & Sprague." (Motion to Reconsider Memo. at 4). In actuality, the Trustee stated, "While *both* parties were responsible for the full amount of fees, Sprague was obligated to provide *both* of its clients with equally vigorous representation." (Trustee's Response at 12) (emphasis added). Sprague's assertion is amiss.

Sprague further contends that the Court did not address the claims brought under the West Virginia Fraudulent Transfers Act. (Motion to Reconsider Memo. at 9). Sprague asserts that there was no evidence of actual intent for a claim under W. Va. Code § 40-1A-4(a)(1). Again, Sprague's assertion is erroneous. The Trustee did not argue that there was actual intent to defraud. In fact, the Trustee specifically states otherwise. (Trustee's Response at 3, footnote 3). The Trustee does allege a claim under W. Va. Code § 40-1A-4(a)(2), which provides a claim for constructively fraudulent actions. (Trustee's Response at 11).

Additionally, Sprague asserts that the Trustee does not have a claim under W. Va. Code § 40-1A-5(b) because Sprague was not an insider. Yet again, the Trustee does not allege a claim under § 40-1A-5(b) but instead offers a claim under W. Va. Code § 40-1A-5(a), which does not require a transfer to an insider. (Trustee's Response at 11).

The leading commentators on the Federal Rules of Civil Procedure have noted as follows respecting the analogous Rule 59 motion from which, in this interlocutory setting, the generic "motion for reconsideration" finds its roots:

> The Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment. Also, amendment of the judgment will be denied if it would serve no useful purpose.

11 Charles A. Wright *et al.*, *Federal Practice & Procedure* § 2810.1 (3d ed. 2012) (footnotes and cited cases omitted). The principle is aptly applied here. The Court discerns no basis justifying reconsideration of the Order. It is, accordingly, **ORDERED** that Sprague's Motion for Reconsideration of this Court's Memorandum Opinion and Order Denying Sprague & Sprague's Motion for Summary Judgment [Dckt. 140] be, and hereby is, **DENIED.**